**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAGJIT SINGH, | No. 07-71692 |
| Petitioner, | Agency No. A097-615-936 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Jagjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if Singh's asylum application were timely and his testimony were credible, the government established by a preponderance of the evidence that Singh reasonably could relocate to another area of India, particularly given that prior to his arrival in the United States, he lived in Delhi for six months without incident. *See* 8 C.F.R. § § 1208.13(b)(1)(i)(B); 1208.16(b)(3); *see also Melkonian*, 320 F.3d at 1069 (applicant who has demonstrated well-founded fear of persecution may be denied asylum "where the evidence establishes that internal relocation is a reasonable option under all of the circumstances"). Accordingly, Singh's asylum and withholding of removal claims fail. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999, 1001 n.5 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of Singh's CAT claim because Singh failed to establish it is more likely than not he would be tortured if returned to India. *See Singh v. Ashcroft*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

07-73079